United States District Court
Southern District of Texas

**ENTERED**

April 29, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIN MANUEL BAUTISTA SANABRIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-03316** |
| | § | |
| **PAMELA BONDI, UNITED STATES** | § | |
| **ATTORNEY GENERAL,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## **ORDER**

Before the Court is Petitioner Erin Manuel Bautista Sanabria's Petition for Writ of Habeas Corpus Under 28 U.S.C § 2241 (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

The parties do not dispute the following facts. Petitioner Erin Manuel Bautista Sanabria is a citizen of Honduras who entered the United States without inspection approximately five years ago at the age of fifteen. ECF No. 1 at 1. He came as an unaccompanied minor and was released to his father. ECF No. 5. Petitioner was not placed into removal proceedings at the time. ECF No. 1 at 2. United States Citizenship and Immigration Services subsequently approved Petitioner's Form I-360 (Petition for Amerasian, Widow(er), or Special Immigrant status) in December of 2023. *Id.* at 6. He was also granted deferred action and work authorization. *Id.* at 6. Until his recent

1 / 5

detention, Petitioner lived with his father, step-mother, and step-sister in Houston, Texas. *Id.* He graduated from high school in Houston in 2024. *Id.*

Petitioner was arrested for reckless driving in February of 2026 on charges that were later dismissed. *Id.* at 2. He spent over two months at the Harris County Jail before being transferred to ICE custody on April 17, 2026. *Id.* at 6. Respondents then placed Petitioner in removal proceedings. *Id.* Petitioner is currently detained at the Montgomery Processing Facility in Conroe, Texas, and he has not been granted an individualized bond hearing. *Id.* at 7. Respondents position is that Petitioner is subject to the mandatory detention provision in 8 U.S.C. § 1225(b)(2).

## II.     ANALYSIS

At the outset, neither Party fully briefed whether Petitioner—who was previously granted deferred action—is properly subject to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Assuming he is appropriately subject to the provision, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner. The Court does not reach, and therefore does not address, the additional reasons why Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to

2 / 5

"detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

### III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner is being deprived of his liberty in violation of the Due Process Clause. Given the severity of this ongoing unconstitutional deprivation, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar circumstances. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3.  Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to conditions of release without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 4, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before May 20, 2026.**

   **IT IS SO ORDERED.**

Signed at Houston, Texas on April 29, 2026.

Keith P. Ellison
United States District Judge